And we'll hear argument next in the United States v. Kanagbu, 162937. Good morning, Your Honor. Hold on one second. Okay, you can proceed. Yeah, good morning. Israel Arana for Mr. Kanagbu. You know, this case involves a person that served in the U.S. Marines and had to undergo the serving in the Iraq war, from where he became affected with alcohol and with drugs, marijuana. And he found upon his return no help, no guidance, and they got involved in a conspiracy, that they were minor participants. And they went to trial. He was found guilty on one of the charges and acquitted on two. His friend withdrew from the case and was given time served. We've read the briefs, so we're clear on all of that. Okay. You have a limited amount of time. I understand. The question here is, was the sentence unreasonable? And was it okay for the government to use that agent as an expert? Yes, I understand. Could you focus on those issues? Yes. The government used an agent that had been in prison before and that was not disclosed to anybody. But the issue that we have at this moment is far more important, in the sense that he had to spend three months in the Monterey Valley correctional, as a non-citizen, when he is, in fact, a U.S. citizen. And then he was finally moved to Fort Dix, where he has been undergoing good treatment. And I brought a letter, presented to the court, about his achievements there. And when he finishes his sentence, he is entitled to be given, provided free time, in other words, time served. What we would like to ask this court, if possible, is that's an option that he's been given. But if there could be an order to remand the case back to the judge that sentenced him, it would be an excellent option, in the sense that he will be then, the judge will have all his background and everything, including a letter which I submitted to the court which summarizes. The issue you've raised is whether the sentence was unreasonable, that he was given three years. The guideline provided for 57 to 71 months, and he got a reduction for a minimal role. So, in any event, he was 21 months below the guideline range, and your argument is that this sentence is unreasonable. And I'd like to know why you say that. It's unreasonable because of what he had to endure within those three months. In motion, it's equivalent of being like a jail, anywhere, knowing what was going to happen to him. Because he's a U.S. citizen, and he was going to be deported back to Africa.  And what I would like, if possible, is for the court to take knowledge of what is happening, and if within its jurisdiction, to remand the case back to the court, so the judge Vitagliano will be able to handle it properly. What did he do that was improper? He did not take into account the fact that he was a U.S. citizen. And there was nobody lifted a finger telling him, in other words, illustrating the court about what's happening. So, Judge sentenced him based on what he had before him. Let me just see if I can explain your argument, as I understood it, or part of the argument, for why you want us to remand for resentencing. You think that the district court judge wrongly believed that your client was a permanent resident as opposed to a U.S. citizen. Is that right? And that that mistaken belief infected the sentence. That is, that he sentenced him based on, in part, his misunderstanding that Mr. Kanagbu was a permanent resident, not a U.S. citizen. Is that right? That's correct. And so you want the remand back to the district court. But that was not the judge's determination. That was a determination of the executive branch, which then had custody of your client. That's correct. That's correct. So, so why, why is the judge, why does Judge Vitaliano have anything to do with that? No, it's not a mistake. It's just a fact that he's going to be resentenced when his course ends. And if he's resentenced, he says he could be. So I would prefer the case to be remanded to Judge Vitaliano so he will have all the facts before him and allowed to make a sensible decision. I think we understand that argument. And you've reserved no time for rebuttal. Is there anything else? No, that's it, Your Honor. Thank you. Thank you. Ms. Paul. Thank you. May it please the court. Good morning. Rena Paul for the government. Your Honors, the sentence in this case was reasonable. It was, as Your Honor pointed out, a 21-month discount from the guidelines range, which was already . . . Is it right that he was imprisoned mistakenly as a non-citizen? Judge, I tried to look into the issue before appearing today. I cannot determine whether he was improperly imprisoned there. As for my review of . . . From my investigation, it appears to be just a federal facility. So there's no ICE detainer? No, he's a citizen. And so, to the extent that there was any issue of him being moved there or momentarily considered for deportation, I'm not aware and I was unable to determine. But certainly, detention in a federal facility would be no different than detention in another federal facility. He would be credited with that time? He would. Yes, Your Honor. I believe his date to be released is November of this year. If the court has no other questions, I'll rely on my papers. Thank you. Thank you very much. We'll reserve the decision.